
No. 1:23CV8

IN THE UNITED STATES COURT ~~OF APPEALS~~ JMS (District Court)

FOR THE MIDDLE DISTRICT COURT OF NORTH CAROLINA

---

Greta Evans,

Plaintiff-Appellee

v.

Denis R. McDonough, Secretary, Department of Veterans Affairs,

Defendant-Appellant

---

On Appeal from the Department of Veterans Affairs (Veterans Health Administration Agency), Agency.
Case No: 2021002537

---

**APPEAL AGAINST U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION DECISIONS PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT, 1964**

It is hereby submitted before this honorable Court:

1. That, for the reasons set herein below, the Appellant is filing the instant complaint against the decisions of U.S. Equal Employment Opportunity Commission (**"EEOC"**) pursuant to Title VII of the Civil Rights Act, 1964. As requested below, as the Appellant has exhausted her administrative remedies, the Appellant is now seeking relief from the instant Court against wrongful and discriminatory termination of her job with the Department of Veterans Affairs (**"Agency"**).

**FACTUAL BACKGROUND:**

2. The Appellant was appointed as a Program Support Assistant, GS-0303-7, at the Agency's W.H. (Bill) Hefner Medical Center in Salisbury, North Carolina. Appellant's appointment as the Program Support Assistant was effective from February 18, 2019 till March 18, 2020. However, on October 1, 2019, the Appellant's Fixed Term Contract appointment was

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE MIDDLE DISTRICT COURT OF NORTH CAROLINA

Greta Evans,

Plaintiff-Appellee

v.

Denis R. McDonough, Secretary, Department of Veterans Affairs,

Defendant-Appellant

On Appeal from the Department of Veterans Affairs (Veterans Health Administration Agency), Agency.
Case No: 2021002537

**APPEAL AGAINST U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**DECISIONS PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT, 1964**

It is hereby submitted before this honorable Court:

1. That, for the reasons set herein below, the Appellant is filing the instant complaint against the decisions of U.S. Equal Employment Opportunity Commission ("EEOC") pursuant to Title VII of the Civil Rights Act, 1964. As requested below, as the Appellant has exhausted her administrative remedies, the Appellant is now seeking relief from the instant Court against wrongful and discriminatory termination of her job with the Department of Veterans Affairs ("Agency").

**FACTUAL BACKGROUND:**

2. The Appellant was appointed as a Program Support Assistant, GS-0303-7, at the Agency's W.H. (Bill) Hefner Medical Center in Salisbury, North Carolina. Appellant's appointment as the Program Support Assistant was effective from February 18, 2019 till March 18, 2020. However, on October 1, 2019, the Appellant's Fixed Term Contract appointment was

prematurely terminated by the Agency. On the same day, the Agency's Vocational Rehabilitation and Employment issued a notification stating that the Appellant has been identified with a documented disability ("**Agency's Notification**"). The Agency's Notification further stated that the Appellant can be considered for employment under Schedule A hiring authority 5 CFR 213.3102(u).

*(Copies of the description of the Appellant's appointment is attached herein attached as*
*EXHIBIT A (APPELLANT'S APPOINTMENT)*

3. With respect to her termination, the Agency conducted an investigation. After the investigation, the Agency provided the Appellant with a copy of the report of the investigation and notice of her right to request a hearing before an EEOC Administrative Judge ("**AJ**"). A hearing was timely requested by the Appellant before EECO's AJ alleging that the Agency terminated her employment in a discriminatory manner. However, EEOC AJ issued a summary judgment order on February 17, 2021, and ultimately its final order on February 18, 2021 ("**EEOC's Final Order**"), against the Appellant. The EEOC's Final Order stated that the Appellant had a right to appeal the decision. Being aggrieved by the EEOC's Final Order, the Appellant filed an appeal, bearing reference no. 2021002537 ("**Appeal Against Final Order**"). Thereafter, concerning the Appellant's Appeal Against Final Order, on April 6, 2022, the Office of Field Operations affirmed EEOC's Final Order ("**Affirmative Order**"). Subsequently, on May 19, 2022, the Appellant submitted a request for reconsideration of the Affirmative Order with EEOC's Office of Federal Operations ("**Request for Reconsideration**"). However, the EEOC's Office of Federal Operations issued its decision dated October 06, 2022, titled *"Decision on Request for Reconsideration"* ("**Decision on Request for Reconsideration**"). According to the Decision on the

*( EXHIBIT B (APPEAL AGAINST FINAL ORDER), EXHIBIT C
(DECISION ON REQUEST FOR RECONSIDERATION))*

**LEGAL GROUNDS FOR THE INSTANT APPEAL:**

4. *"A Title VII of the Civil Rights Act of 1964 claimant must exhaust his or her administrative remedies by filing an Equal Employment Opportunity (EEO) complaint within 45 days of the effective date of the personnel action, and either (1) appealing the EEO decision to the Equal Employment Opportunity Commission (EEOC) within 20 days of receipt of a final agency decision; or (2) filing a suit in the district court within 30 days of the receipt of the EEO's final decision. 32 C.F.R. § 588 apps. A (1997). If the complainant files an appeal with the EEOC, a notice of appeal must be sent to the EEOC within 20 days."* **Sloan v. West**, 140 F.3d 1255, 1257. Based on this, as the Appellant effectively and timely submitted her complaint for discriminatory termination of employment by the Agency with EEOC and filed Appeal Against Final Order and Request for Reconsideration of EEOC's Final Order and Affirmative Order respectively, the Appellant has legal grounds to file the instant appeal with this Court as all other administrative remedies have been exhausted by the Appellant.

5. Concerning the Appellant's complaint that the Agency wrongfully terminated her employment on discriminatory grounds of disability, the Appellant maintains that her complaint has substantial allegations and evidence supporting such allegation, thereby warranting dismissal of EEOC's Final Order and Decision on Request for Reconsideration. *"Ordinarily, where a Plaintiff fails to raise substantive allegations in*

*her underlying charge of discrimination, she is barred from ligating those claims in federal court."* **Rodgers v. Brennan,** 2016 U.S. Dist. LEXIS 36715. *13. On the other hand, as already stated, the Appellant's history with the Agency as a veteran (as elaborated in paragraphs below) needs to be considered by this Court in deciding that there is the substance in Appellant's contentions and that EEOC's Final Order and Decision on Request for Reconsideration are erroneous.

6. Between 2010 and 2012, the Appellant was engaged in previous EEOC action vis-à-vis the Agency. For the prior EEOC actions, the Appellant was awarded US $100,000 which she did not accept because she had been advised that signing the same would prevent the Appellant from working in a federal job for 5 to 10 years. Therefore, the Appellant kept working for the Agency as a veteran army officer with service-connected disabilities and existing graduate degrees in both Management and Human Resources Development.

7. Thereafter, from 2013 to 2015, the Agency was giving tramadol (a pain medicine known to have side effects of tightening muscles) for her neck and back injury as Appellant's muscles became tighter and tighter with more pain instead of a muscle relaxer. Appellant requested the doctor to please treat her condition and not merely give pain medicines which caused Appellant to sleep be dysfunctional. The doctor insisted she try Vicodin. Her primary doctor, he also treated her for other things such as respiratory infections. The Appellant being aware that the Agency reserves the right not to treat veterans who refuse the treatment they offer, wrote the administration asking for treatment. She openly informed her VA doctor she was also seeking advice for non-VA doctors and he asked her to share with him their recommendations. The doctor then allowed her to start getting additional evaluation for care from an outside neurosurgeon. - Carolina

Neurosurgery. However, the Appellant was then switched to another doctor without her request/consent.

8. In 2016, the Appellant began having lightning pain rushing up her throat. Additionally, she started having trouble remembering things she had recently been trained on the job. The Appellant, therefore, visited her new doctor, who recommended she discontinue her use of Carolina Neurosurgery. She also stated that it is an in-house service and that if she cannot get me in the Appellant will be allowed to resume care with Carolina Neurology. I was further referred to a local VA neurologist. In the meantime, the Appellant also completed her MA in Healthcare Administration, early with honors, under the VA's Vocational Rehabilitation program. However, the Agency made numerous excuses why they could not help the Appellant get a job using this degree for the next four (04) years. In any event, the Appellant requested through the administration a change from her current doctor. However, the Appellant was told that the service was then not available for her. Therefore, the Appellant was never allowed to return to Carolina Neurosurgery despite her repeated requests.

9. As the Appellant had no other choice, she began seeing the VA neurologist, who ran several tests on the Appellant. However, an executive administrator approved the Appellant's request for a different doctor. The Appellant explained to the executive administrator that the pain is running up the left side of her neck which is unbearable. The executive administrator stated that he would prescribe medicine and told the Appellant to make an appointment with the new doctor so that she could begin receiving care. Hence, the Appellant made the appointment soon after receiving the letter. However, despite knowing that the Appellant was in severe pain and unable to work, the Appellant was once again told that he was not my doctor. The Agency continued to

months, the Agency repeatedly sent her letters of physicians now assigned as the Appellant's primary doctor. Each time the Appellant tried to make an appointment, they would say that her doctor never changed and would send another letter with an excuse for a change in the doctor. The Appellant began paying for appointments with Carolina Neurosurgery as she was having difficulty sitting up or walking.

*(Copies of various letters of appointment of physicians for Appellant are herein attached as EXHIBIT D (PHYSICIAN APPOINTMENTS))*

10. Later, in December 2016, the neurologist called the Appellant and told her that there were changes in her white brain matter. He asked if she knew the signs of a stroke. The Appellant informed him that she had worked several years with an American Red Cross instructor and had developed and implemented a required First Aid and CPR program, which included stroke symptoms and care in a school district. Upon hearing this, the neurologist said that if the Appellant gets the signs, she should get to an emergency room. He also placed this in the Appellant's medical records.

*(Copies of Appellant's medical records herein attached as EXHIBIT E (MEDICAL RECORDS))*

11. Thereafter, in January 2017, the Appellant still did not have a primary care doctor as she repeatedly called, begging to see a primary care doctor. Pain raged up the left back side of Appellant's neck up into her head. The Appellant requested to visit the emergency room as recommended by her neurologist; however, the Agency brutally denied her request. Similarly, the Appellant was also denied refilling her prescriptions. At this time, the Appellant was a 70% service-connected disabled veteran. She was sent to be evaluated for nerve damage and they found that she now had permanent nerve damage on the left side of her face and therefore rated her a 90% service-connected disabled veteran. Despite this, the Agency refused to pay the emergency room bill, saying it was

12. The Agency reviewed the Appellant' records, seeing she is rated for MST (military sexual trauma- The appellant filed a congressional for sexual harassment by her battalion commander, which implicated her brigade commander). While the Appellant was on medications that kept her drugged, an Agency executive doctor told Appellant to reopen her MST claim, enrolled her in mental health classes and a vocational rehabilitation program for those with a severe mental illness, a separate disability. (Appellant had just completed an MA graduate degree in Healthcare Administration in September 2016, was already enrolled in vocational rehabilitation). The Appellant followed her instructions and met with a veteran's representative who corroborated that the Appellant does not have any symptoms of a severe mental health condition.

13  In 2018, Appellant continued paying for doctor at Carolina neurosurgery. They decided to do surgery and fuse discs. Due to past problems receiving pay from the Agency, they would not accept new VA patients. Since the Agency stopped the contract with them to care for the Appellant, she was now a new VA patient. She had been unemployed for two years. The Agency was now her only healthcare provider. With the help of her new primary care doctor (the 6th since 2015) and the veterans advocate group, she got approval to go back to see a Duke neurosurgeon. He refused it because the Agency had not allowed her to get the information he needed.

14. This pattern of Agency discriminatory behavior against the Appellant continued into 2019 and beyond her termination. Today, the Appellant still has weakness and pain up and down the left side of her body. Her left hand has atrophy from painful limited use since 2017 and she is receiving therapy on her hand, upper back, and neck, from non-VA doctors. The VA Kernersville took her VA card in 2020. She has not been assigned a VA primary healthcare doctor since 2021 when the 7th doctor assigned to her since 2015 was no longer assigned as her doctor.

15. (She has schedule A letter) "To plead a disability discrimination claim under the ADA, Plaintiff must establish that: 1) he is disabled, 2) he is a qualified individual, and 3) he subject to unlawful

*discrimination because of his disability." **Holland v. Pilot Travel Ctrs.**,* LLC, 2010 U.S. Dist. LEXIS 67747, *17-18. As apparent from the facts presented above, it is clear that the Appellant is disabled and has been trying to receive primary healthcare from the Agency for years. Despite her disability, however, the Appellant was fit for her role as the Program Support Assistant. However, before the end of the term, she was wrongfully terminated by the Agency when it was the Agency that was responsible for deteriorating her health condition in the first place. On the other hand, the EEOC did not take evidence of the Agency's lax attitude in providing primary healthcare to the Appellant and gave an erroneous EEOC's Final Order, Affirmative Order, and Decision on the Request for Reconsideration.

16. Further, in the case of ***Stoneman v. ASR Restoration, Inc.***, 2012 U.S. Dist. LEXIS 65904, the complaint's appeal against EEOC's decision was accepted by the court on the grounds of wrongful termination based on the complainant's disability when the complaint was fit to perform her job role. In the instant case as well, the Appellant was fit to perform her role as Program Support Assistant. However, the Agency discriminated against her on grounds of disability and their past history.

**PRAYER(S):**

17. Given the above, it is humbly requested before this honorable Court that the Court overturns EEOC's Final Order, Affirmative Order, and Decision on the Request for Reconsideration for being erroneous.

18. Further, it is requested that the Court enters a judgment in favor of the Appellant and against the Agency, holding the latter liable for discriminating against the Appellant.

19. Any other relief, which this honorable Court deems fit and proper, may also be granted to the Appellant.

/s/ **Greta Evans**

3941 Village Park Court
Winston Salem, NC, 27127
(704) 942-8055
gevans111006@gmail.com

**Place: Forsyth County**

**Date: January 2, 2023**