# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GRETA EVANS,              )
                                )
          Plaintiff,        )
                                )
          v.               )             1:23CV8
                                )
DENIS R. MCDONOUGH,     )
SECRETARY, DEPARTMENT OF   )
VETERAN AFFAIRS,       )
                                )
          Defendant.     )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

      This matter is before the Court on Plaintiff Greta Evans's Motion to Withdraw which the Court construes as a request to voluntarily withdraw this action. (Docket Entry 21.) Plaintiff initially brought claims against Defendant Denis R. McDonough, Secretary of the Department of Veterans Affairs, for alleged disability discrimination and retaliation. (*See* Complaint, Docket Entry 1.) Defendant has filed a response to Plaintiff's Motion to Withdraw in which he stipulates to dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) but alternatively "requests that Plaintiff's motion to withdraw be considered a request to dismiss pursuant to Rule 41(a)(2) and asks that the Court dismiss the action with prejudice." (Docket Entry 23 at 1.)[1] For the reasons stated herein, the undersigned

---

[1] Unless otherwise noted, all citations herein refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system.

recommends that Plaintiff's Motion to Withdraw be granted and that this action be dismissed without prejudice.

The undersigned considers Plaintiff's Motion to Withdraw pursuant to Rule 41(a)(2). Under Rule 41(a)(2), a Court may dismiss a matter on a plaintiff's motion "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Unless otherwise stated in the order, the dismissal would be without prejudice. (*Id.*) "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). "In considering prejudice, the primary focus of the court should be the interests of the defendant." *Dean v. WLR Foods, Inc.*, 204 F.R.D. 75, 77 (W.D. Va.) (citation omitted), *aff'd sub nom. Dean v. Gilmer Indus., Inc.*, 22 F. App'x 285 (4th Cir. 2001). Absent substantial prejudice to the defendant, however, a plaintiff's request for dismissal without prejudice under Rule 41(a)(2) should not be denied. *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986). Four factors are generally considered when assessing prejudice:

> (1) the opposing party's effort and expense in preparing for trial;
> (2) excessive delay or lack of diligence on the part of the movant;
> (3) insufficient explanation of the need for a dismissal; and (4) the
> present stage of the litigation, i.e., whether a motion for summary
> judgment is pending.

*Teck Gen. P'ship v. Crown Cent. Petroleum Corp.*, 28 F. Supp. 2d 989, 991 (E.D. Va. 1998); *Miller v. Terramite Corp.*, 114 F. App'x 536, 539 (4th Cir. 2004) (citation omitted). Whether to grant a voluntary dismissal under Rule 41(a)(2) is discretionary, *see Davis*, 819 F.2d at 1273; however, "a dismissal with prejudice is a 'harsh sanction' and 'if the plaintiff requests dismissal without prejudice and the district court intends to dismiss with prejudice, the district court must give the plaintiff notice of its intention and the opportunity to withdraw his request and proceed

2

with the litigation.' " *Jacobson v. Nat'l Passenger R.R. Corp.*, No. 1:11CV969, 2013 WL 241374, at *1 (M.D.N.C. Jan. 22, 2013) (quoting *Choice Hotels Int'l, Inc. v. Goodwin and Boone,* 11 F.3d 469, 471 n. 1 (4th Cir. 1993)).

Here, upon consideration of the *Teck* factors and the relevant facts of this matter, the undersigned concludes that Plaintiff's Motion to Withdraw should be granted and this action be dismissed without prejudice. As to the first and fourth factor, while Defendant has spent some effort in this matter, including filing a motion to dismiss, or in the alternative, for summary judgment, which has been ruled upon (*see* Docket Entries 9, 16), and filing an answer (*see* Docket Entry 18), this action is still in its early stages as no discovery or trial preparation has occurred.[2] *See Fid. Nat'l Title Ins. Co. v. M&R Title, Inc.*, No. PWG-12-148, 2013 WL 12423807, at *3 (D. Md. Feb. 1, 2013) (unpublished) ("Defendant has not expended considerable effort and expense in preparing this matter for trial, as his actions have been limited to filings related to his Rule 12(b)(2) and Rule 12(b)(6) Motions to Dismiss."). Furthermore, as previously stated Defendant does not oppose Plaintiff's request. As to the second factor, there has been no excessive delay or lack of diligence on the part of Plaintiff. As to the third factor, Plaintiff asserts threats, assaults, harassment, and other malicious conduct by Defendant, along with the location of the previously scheduled initial pretrial conference hearing as her reasons for seeking a dismissal. (Docket Entry 21 at 1-2.) While Defendant denies engaging in any such conduct (Docket Entry 23 at 1) and the undersigned finds none of the stated reasons for dismissal persuasive, the remaining *Teck* factors

---

[2] Defendant also submitted an Individual Rule 26(f) Report (Docket Entry 20); however, the Initial Pretrial Conference hearing was continued considering Plaintiff's pending Motion. (*See* Text Order dated 4/16/2024.)

nevertheless weigh in favor of dismissal.  *Cf. Vosburgh v. Indem. Ins. Co. of N. Am.*, 217 F.R.D. 384, 387 (S.D.W. Va. 2003) (concluding dismissal still appropriate although "Plaintiff's explanation of the need for a dismissal is not legally sound").  Under the circumstances and given Defendant's position, there is no substantial prejudice to Defendant in granting Plaintiff's Motion to Withdraw and allowing dismissal of this action without prejudice.  *See Jacobson*, 2013 WL 241374, at *2 (recommending dismissal without prejudice).[3]  Accordingly,

> **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion to Withdraw (Docket Entry 21) be **GRANTED**, and that this action be dismissed without prejudice.

    /s/  Joe L. Webster    
United States Magistrate Judge

September 16, 2024
Durham, North Carolina

---

[3] While Defendant asks the Court to consider dismissal *with* prejudice, Defendant does not explain his reasoning for such request nor does the undersigned find such harsh sanction warranted.